UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYALNEH DILNESSA,<br><br>          Plaintiff,<br><br>    v.<br><br>BUTTE COUNTY SHERIFF'S DEPARTMENT,<br><br>          Defendant. | Case No. 23-cv-00885-TLT<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

This is a habeas case filed *pro se* by a petitioner who is confined at Napa State Hospital, apparently as a pretrial detainee for restoration of competency. His motion for leave to proceed *in forma pauperis* (ECF 2) is GRANTED. For the reasons stated below, the petition will be dismissed.

**BACKGROUND**

According to petitioner's previously filed petition in this Court, he is awaiting trial on charges of assault with a deadly weapon and was sent to Napa State Hospital pursuant to California Penal Code section 1370, which requires that a trial be suspended if a person is found mentally incompetent to stand trial. *See* Case No. 23-cv-00784-TLT, ECF 1 at 2; Cal. Penal Code § 1370(a)(B).

**DISCUSSION**

**A.    Standard of Review**

A petitioner may challenge his pretrial detention on state criminal charges by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of

the United States. However, principles of comity and federalism require federal courts to abstain and not entertain a petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). "Special circumstances" warranting federal intervention include cases of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps other extraordinary circumstances where irreparable injury can be shown." *Id.* at 84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

### B. Petitioner's Claims

Petitioner states that his Fifth Amendment right to remain silent was violated and that he is being held against his will, in violation of due process, without a bona fide government warrant and in breach of the constitution. ECF 1 at 5. He states that unjustified inhumanities took place over the last forty years since his arrival to the United States and describes tragic incidents involving his family that took place many years ago. *Id.* at 7-10. He concludes: "for all those inhuman crimes against my children the DA of Butte County refused to file charges against those who are responsible for unknown reason (I think it is racism) but when I got in common conflict with my roommate . . . I was arrested." *Id.* at 10. Petitioner mentions that he repeatedly requested a *Marsden* hearing and that his public defender failed to inform him about crucial matters in his case. *Id.* at 11.

Petitioner seeks compensation "to help me and my kids heal the wound and injustice done to us over decades by all those authorities and officials who believe in the color of people's skin and origin of country." *Id.* at 16.

Petitioner has not exhausted his claims, nor does he demonstrate special circumstances warranting intervention into his ongoing state criminal proceedings. Petitioner also fails to state any cognizable claims for federal habeas relief. The petition will therefore be dismissed without prejudice to refiling a habeas petition if special circumstances arise, or to refiling under 28 U.S.C. § 2254 after all state proceedings, including appeal, are completed.

### C. Certificate of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### CONCLUSION

Petitioner is permitted to proceed *in forma pauperis*, but, for the foregoing reasons, the petition is DISMISSED and a certificate of appealability is DENIED. The Clerk shall enter judgment in favor of respondent and close the file.

This Order terminates docket number 2.

**IT IS SO ORDERED.**

Dated: July 3, 2023

TRINA L. THOMPSON
United States District Judge